**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| **Ryan Baird,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Complaint** |
| ) | |
| **Showstopper, LLC, Dave Roberts, and** ) | **(Jury Trial Demanded)** |
| **Debbie Roberts** ) | |
| ) | |
| **Defendants.** ) | |

Plaintiff would respectfully show unto this Court as follows:

1.      Plaintiff is a resident of North Carolina.  Plaintiff traveled to work for Defendants from his home in North Carolina.

2.      Defendant Showstopper is a Delaware limited liability company with a principal place of business in Myrtle Beach, South Carolina.

3.      Upon information and belief, Defendants David and Debbie Roberts are owners and/or managing agents of Defendant Showstopper and residents of South Carolina.  Defendants Roberts direct operations, have operational control and hiring/firing authority, as well as final authority over pay issues, and, upon information and belief, reviewed Plaintiff's complaints about FLSA violations and failed to remediate the violations.  Thus, Defendants Roberts are employers for purposes of the Fair Labor Standards Act (FLSA) and the North Carolina Wage & Hour Act ("NCWHA").

–1–

4.      Defendant Showstopper advertises itself to be "America's first and most prestigious dance competition."[1]   It hosts regional and national competitions in South Carolina and many other states, as well as in foreign countries.   Not only do Defendant employees, including Plaintiff, travel to different states to perform their work, but dancers travel from different states and pay Defendant to participate in the competition.

5.      Defendant Showstopper transports goods and uses goods transported through interstate commerce to produce competitions.

6.      Defendant Showstopper employed Plaintiff as a production technician to perform services both in Myrtle Beach and nationally, including various sites in South Carolina.

7.      Plaintiff's primary duties consisted of traveling to venues, loading in and loading out equipment, constructing and erecting stage and production-related structures and equipment, and operating sound for Defendant's dance competitions.

8.      Defendant Showstopper is an enterprise engaged in commerce and, upon information and belief does business well over $500,000 per year.

9.      At all relevant times, Plaintiff was an employee engaged in commerce on behalf of Defendant Showstopper.

10.      Defendant Showstopper's own Trinet system describes Plaintiff as a "Technician" and informs him that he is "Non-Exempt—You're eligible for overtime pay."

---

[1]      https://www.goshowstopper.com/

11.     Defendants did not pay Plaintiff on a salaried basis.   Plaintiff's pay for each workweek varied by the number of hours worked.   And Trinet states that he was paid "hourly."

12.     Plaintiff's compensation did not include any commissions.

13.     Defendants also knew there was a serious issue regarding compliance with overtime pay requirements because Plaintiff raised the issue repeatedly during his employment.

14.     Defendants knowingly maintained unlawful policies and practices. Defendant's employee handbook specifically states:

**<u>OVERTIME COMPENSATION</u>**

Travel employees are compensated at a higher rate, and therefore do not receive overtime compensation.

15.     Defendant failed to compensate Plaintiff for all hours worked.

16.     Defendant did not pay for travel to or from the sites at which Plaintiff performed services.

17.     Plaintiff regularly worked in excess of 40 hours per week.

18.     Defendant paid no overtime premium even for hours that it counted.

19.     Defendant's conduct violates a number of state laws that cover employees who perform work, even temporarily, while in the state.   For example, Plaintiff worked for Defendant in California, which applies its state law to employees temporarily working in state.    Plaintiff will seek to amend this case to address each applicable law after discovery establishes each state in which Plaintiff provided services, within the statute of limitations for each violation.

–3–

20.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).   This Court has supplemental jurisdiction over related state-law claims pursuant to 28 U.S.C. § 1367.

**Count I**
**For a First Cause of Action**
**Section 7 of FLSA**

21.     Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

22.     Defendant failed to compensate Plaintiff for all compensable time.

23.     Defendant has failed to compensate Plaintiff at 1 ½ times his regular rate for hours worked in excess of 40 hours per workweek.

24.     Defendant's violations were willful.

WHEREFORE, Plaintiff requests a trial by jury on his claim under the FLSA and for all relief available under the Act, including, but not limited to, overtime gap pay, unpaid overtime premium on all compensable hours worked, liquidated damages, attorney fees, costs, and expenses, as well as prejudgment interest.

**Count II**
**For a Second Cause of Action**
**NCWHA**

25.     Plaintiff incorporates by reference the foregoing allegations as if set forth here in full.

26.     The NCWHA mandates that employees receive compensation for all hours worked, which is defined to include "all time an employee is employed."   N.C.G.S. § 95-

–4–

25.2(8).    Employed is defined broadly as "suffer[ing] or "permit[ting]" to work, which includes all time worked at the direction of the employer.    *Id.* § 95-25.2(3).

27.      Thus, the NCWHA mandates pay for all hours worked, as well as 1 ½ the employee's regular rate of for hours worked in excess of forty in a work week.    *Id.* § 95-25.4(a).

WHEREFORE, Plaintiff requests a trial by jury on his claim under the NCWHA and for all relief available under the Act, including, but not limited to, compensation for all hours worked, unpaid overtime premium on all compensable hours worked, liquidated damages, attorney fees, costs, and expenses, as well as prejudgment interest.    Id. § 95-25.22.

Respectfully submitted this 21st day of May, 2026.

s/ Brian P. Murphy
Brian P. Murphy, Fed. I.D. No. 6405
Attorney for Plaintiff

Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, SC 29601
Phone: (864) 370-9400