**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| RYAN BAIRD,<br><br>Plaintiff,<br><br>v.<br><br>SHOWSTOPPER, LLC, DAVE ROBERTS, and DEBBIE ROBERTS,<br><br>Defendants. | Civil Action No. 4:26-cv-02049-SAC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendants Showstopper LLC ("Showstopper"), Dave Roberts ("Mr. Roberts"), and Debbie Roberts ("Ms. Roberts") (collectively, "Defendants"), by and through their undersigned counsel, hereby submit their Answer to Plaintiff Ryan Baird's ("Plaintiff") Amended Complaint (ECF No. 12). Unless otherwise specifically admitted herein, Defendants generally deny all of Plaintiff's allegations contained in the Amended Complaint. Each numbered paragraph below corresponds to the same numbered paragraph of the Amended Complaint.

Subject to and without waiving any of their affirmative and other defenses, Defendants answer the numbered paragraphs of Plaintiff's Amended Complaint as follows:

1. Admitted upon information and belief.

2. Responding to Paragraph 2, Defendants admit only that Showstopper is a Delaware limited liability company with a location in Myrtle Beach, South Carolina. Defendants deny any remaining allegations in Paragraph 2.

3. Responding to Paragraph 3, Defendants admit only that Mr. Roberts and Ms. Roberts are residents of South Carolina and are both employed by Showstopper. The remaining allegations of Paragraph 3 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny that Mr. Roberts and/or Ms. Roberts are liable to

Plaintiff under the Fair Labor Standards Act ("FLSA") or the North Carolina Wage & Hour Act ("NCWHA"). Defendants deny any remaining allegations in Paragraph 3.

4. Responding to Paragraph 4, Plaintiffs deny that Showstopper hosts competitions in foreign countries. Defendants otherwise admit the remaining allegations of Paragraph 4.

5. Paragraph 5 contains conclusions of law to which no response is required. To the extent a response is required, Defendants do not dispute that Defendant Showstopper is subject to FLSA. Defendants deny any remaining allegations in Paragraph 5, and further deny any liability to Plaintiff in this matter or otherwise.

6. Admitted.

7. Admitted.

8. Paragraph 8 contains conclusions of law to which no response is required. To the extent a response is required, Defendants do not dispute that Defendant Showstopper is subject to the FLSA. Defendants deny any remaining allegations in Paragraph 8, and further deny any liability to Plaintiff in this matter or otherwise.

9. Paragraph 9 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny Paragraph 9 as alleged.

10. Responding to Paragraph 10, Defendants admit only that Plaintiff was a production technician who was classified as non-exempt. Defendants deny any remaining allegations in Paragraph 10.

11. Responding to Paragraph 11, Defendants admit only that Plaintiff was paid hourly for any service or work performed for Showstopper. Defendants deny any remaining allegations in Paragraph 11.

12. Admitted.

13. Denied.

14. Responding to Paragraph 14, Defendants admit only that they maintain a handbook with a provision regarding overtime compensation. Defendants deny the remaining allegations of Paragraph 14.

15. Denied.

16. Denied.

17. Defendants lack knowledge or information sufficient to form a belief about whether Plaintiff "regularly" worked more than 40 hours per week as that term is vague and undefined. Defendants therefore deny the allegations of Paragraph 17.

18. Denied.

19. Responding to Paragraph 19, Defendants admit only that Plaintiff performed work in various states. Defendants deny the remaining allegations of Paragraph 19.

20. The allegations of Paragraph 20 contain conclusions of law to which no response is required. To the extent a response is required, Defendants do not dispute that this Court has jurisdiction over this action based upon Plaintiff's claims alleged under the FLSA.

**COUNT I**
**For a First Cause of Action**
**Section 7 of FLSA**

21. Defendants incorporate by reference Defendants' answers to Paragraphs 1 through 20 of Plaintiff's Amended Complaint as if set forth fully herein.

22. Denied.

23. Denied.

24. Denied.

In response to the unnumbered paragraph beginning with "WHEREFORE", Defendants

deny that Plaintiff is entitled to any relief set forth therein.

**COUNT II**
**For a Second Couse of Action**
**NCWHA**

25. Defendants incorporate by reference Defendants' answers to Paragraphs 1 through 24 of Plaintiff's Amended Complaint as if set forth fully herein.

26. Denied.

27. Denied.

In response to the unnumbered paragraph beginning with "WHEREFORE", Defendants deny that Plaintiff is entitled to any relief set forth therein.

**AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's Complaint fails to state any claim upon which relief may be granted against Defendants and therefore should be dismissed in its entirety.

2. Plaintiff's state law claims are preempted by the FLSA.

3. Plaintiff's claims may be barred to the extent that he did not work more than 40 hours in any given workweek and, therefore, is not entitled to additional pay under the FLSA and/or NCWHA.

4. Plaintiff's claims are barred because Defendants relied upon and acted in good faith and in conformity with written regulations, orders, rulings, approvals, and/or interpretations of the applicable Departments of Labor, and/or any administrative practice or enforcement policy of said Departments of Labor.

5. Defendants at all times acted reasonably and in good faith to comply with the FLSA and state law, and any alleged violation of law was not willful.

6. Plaintiff's claims may be barred in whole or in part by the applicable statute of

limitations. The statute of limitations under the FLSA is two years, unless the cause of action arose out of a willful violation (in which case the statute of limitations is three years). 29 U.S.C. § 255. Plaintiff's claims do not arise out of a willful violation, so the statute of limitations under the FLSA is two years.

7. Plaintiff's claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, under 29 U.S.C. § 259.

8. Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. Accordingly, the Court should exercise its discretion to eliminate and/or reduce any potential award of liquidated damages under 29 U.S.C. § 260.

9. Plaintiff was paid all sums of money to which he was entitled and in accordance with applicable legal requirements.

10. In the event any sum may be found due and owing to Plaintiff, Defendants are entitled to an offset against said sum to the extent paid, tendered, waived, compromised, and released, including but not limited to those amounts paid, tendered, waived, compromised, and released through any other proceeding, formal or informal.

11. Plaintiff is not entitled to any recovery to the extent the work he performed falls within exemptions, exclusions, or credits provided for under the FLSA.

12. Plaintiff's claims are barred, in whole or in part, by 29 U.S.C. § 254(1)(2) as to all hours during which he was engaged in activities preliminary, postliminary, or incidental to their principal duties or activities.

13. Even assuming, arguendo, that the Court determined that Plaintiff was improperly paid under the FLSA, then his claims would still be barred, in whole or in part, to the extent that any activities he may have performed were (a) not compensable work; or (b) *de minimis*.

14. Plaintiff's claims are barred, in whole or in part, as to all hours allegedly worked that Defendants did not suffer or permit Plaintiff to work, of which Defendants lacked actual or constructive knowledge, or which Plaintiff deliberately misreported hours by failing to report all hours worked.

15. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and/or other equitable defenses.

16. Plaintiff's Amended Complaint fails to state facts sufficient to state a claim that would support an award of actual, liquidated, or other damages against Defendants.

17. Any award of damages should be barred or limited to the extent that the relief demanded by Plaintiff is improper, barred in whole or in part by the doctrine of after-acquired evidence, is inappropriate, exceeds the scope of permissible damages and remedies, and/or otherwise is not available under the laws upon which his claims rest.

18. Any award of damages to Plaintiff must be offset by sums received by Plaintiff from Defendants, by amounts Plaintiff may receive from third parties, or by amounts owed by Plaintiff to Defendants.

19. Plaintiff has failed to specifically plead his entitlement to exemplary, liquidated or punitive damages in the Amended Complaint, and thus, should be barred from seeking punitive

damages in this case. Defendants would further show there is no basis to support an award of such damages in this case. Accordingly, Plaintiff's prayer for exemplary, liquidated and punitive damages should be stricken.

20. Defendants are entitled to a credit and/or set-off for any compensation paid to Plaintiff to which he was not otherwise entitled.

21. Plaintiff's claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages alleged in the Amended Complaint, if any.

22. To the extent Plaintiff seeks punitive damages, Defendants affirmatively plead the following in regard to punitive damages:

a. An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

b. The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

c. Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and

d. Defendants assert the punitive damages caps articulated in S.C. Code Ann. § 15-32-530 as an affirmative defense.

23. Defendants have not had an opportunity to conduct a full and sufficient investigation or to engage in adequate discovery touching on the circumstances of Plaintiff's allegations. Defendants intend to act expediently to inform themselves as to the pertinent facts and prevailing circumstances surrounding any claimed damages and hereby give notice of their intent

to assert any affirmative defenses or allegations of fact that this information-gathering process may indicate are supported by law.

**WHEREFORE,** having responded to the specific allegations contained in the Complaint and having stated their affirmative and additional defenses, Defendants respectfully pray as follows:

(a) that the Court render judgment for Defendants and against Plaintiff;

(b) that the Court dismiss Plaintiff's Amended Complaint in its entirety with prejudice;

(c) that the Court assess costs and attorneys' fees against Plaintiff; and

(d) that the Court award Defendants such other and further relief as it deems just and appropriate.

Dated: July 22, 2026

*/s/ Katie E. Towery*

Katie E. Towery, Bar No. 12861
ktowery@littler.com
Benjamin T. Hepner, Bar No. 13250
bhepner@littler.com
**LITTLER MENDELSON P.C.**
110 E. Court Street, Suite 201
Greenville, SC 29601
Telephone: (864) 775-3190

*Attorneys for Defendants*