**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Ryan Baird,<br><br>Plaintiff,<br><br>v.<br><br>Showstopper, LLC; Dave Roberts; Debbie Roberts,<br><br>Defendants. | Civil Action No. 4:26-cv-02049-SAC |

**DEFENDANTS' ANSWERS TO
LOCAL CIVIL RULE 26.03 INTERROGATORIES**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Conference and Scheduling Order entered by the Court, Defendants Showstopper, LLC ("Showstopper"), Dave Roberts ("Mr. Roberts"), and Debbie Roberts ("Ms. Roberts") (collectively, "Defendants), hereby submit their following Local Civil Rule 26.03 Interrogatory Responses.

**A. Local Rule 26.03(A)(1): A short statement of the facts of this case.**

Plaintiff Ryan Baird was formerly employed by Showstopper as a production technician. In this lawsuit, Plaintiff alleges that Defendants failed to properly compensate him for certain hours worked, including purported overtime hours, during his employment with Showstopper. Based on these allegations, Plaintiff asserts claims under the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA"). Defendants deny that Plaintiff has a viable claim against Defendants under the FLSA or NCWHA. Therefore, Defendants deny that Plaintiff is entitled to any award of relief or damages from this Court.

**B. Local Rule 26.03(A)(2): The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

In addition to the Plaintiff and any witnesses identified by Plaintiff during the course of discovery, Defendants identify the following individuals who may be called as fact witnesses:

a. Jon Greene

The witness identified above may be contacted through undersigned counsel for Defendants. The foregoing witness may have knowledge of Plaintiff's employment with Showstopper, the fact and circumstances regarding Plaintiff's compensation with Showstopper, the allegations in Plaintiff's Amended Complaint, or Defendants' Answer to Plaintiff's Amended Complaint. Defendants reserve the right to supplement this response as additional witnesses and/or facts become known through the course of discovery.

**C. Local Rule 26.03(A)(3): The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Defendants do not anticipate calling expert witnesses at this time but reserve the right to identify such experts at the appropriate time pursuant to the Scheduling Order entered by the Court. If Defendants retain an expert witness, Defendants anticipate that the individual will be a rebuttal witness to any expert identified by Plaintiff.

**D. Local Rule 26.03(A)(4): Summary of the Claims or Defenses with Statutory and/or Case Citations Supporting the Same.**

This matter is premised on claims arising under the FLSA and NCWHA. Defendants will show that they compensated Plaintiff for all hours worked during his employment with Showstopper and therefore Defendants did not violate the FLSA or NCWHA. In addition to all relevant case law and authority interpreting the FLSA or NCWHA, Defendants will rely on the following authority in support of its defenses:

- With respect to Plaintiff's FLSA claim(s) for unpaid wages and overtime compensation, those claims must fail as Plaintiff was paid for all time worked in accordance with the provisions of the FLSA.

- In order for an employee to recover for uncompensated overtime work under the FLSA, an employee must prove that he worked overtime hours without compensation and must show the amount and extent of his overtime work as a matter of just and reasonable inference. *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986). The employee also must show that his or her employer had knowledge, either actual or constructive, of the overtime work. *Id*.

- Plaintiff's FLSA claim(s) are limited to two years because any alleged violations were not willful. 29 U.S.C. § 255(a).

- With respect to Plaintiff's NCWHA claim, Defendants intend to demonstrate that all monies due and owing to Plaintiff during and upon his separation from employment were paid as agreed.

- Moreover, the FLSA preempts a state common law theory that essentially duplicates an FLSA claim, including those alleged under the NCWHA. N.C. Gen. Stat. § 95-25.14(a); *See Lombardozzi v. Allscripts Healthcare, LLC*, No. 5:13-CV-715-BO, 2014 U.S. Dist. LEXIS 9579, (E.D.N.C. Jan. 27, 2014); *Bonham v. Wolf Creek Acad*., 767 F. Supp. 2d 558, 565 (W.D.N.C. 2010); *Spencer v. Hyde Cnty.*, 959 F. Supp. 721, 728 (E.D.N.C. 1997); *Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 416 S.E.2d 166 (N.C. 1992).

- Defendants will rely on federal and state case law in defense of the wage and hour claims asserted against Defendants, as well as regulations, opinion letters, and administrative interpretations addressing the FLSA.

**E. Local Rule 26.03(A)(5): Absent special circumstances from the assigned judge, Defendant shall propose dates for the following deadlines listed in Local Rule 16.02.**

The parties have agreed to the deadlines set forth in the current Scheduling Order entered by the Court on July 23, 2026. (ECF No. 15).

**F. Local Rule 26.03(A)(6): The parties shall inform the Court whether there are any special circumstances that would affect the time frames applied in preparing the Scheduling Order.**

Defendants are not aware of any such issues at this time.

**G. Local Rule 26.03(A)(7): The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Rule 16.01) or otherwise requested by the assigned judge.**

The parties have not agreed to trial by Magistrate Judge.

**Reservation of Rights**

The statements in these Responses shall not be construed as admission or acquiescence by Defendants in their legal or factual positions. All rights are reserved.

**LITTLER MENDELSON, P.C.**

By: */s/ Benjamin T. Hepner*

Katie E. Towery, Federal Bar No. 12861
KTowery@littler.com
Benjamin T. Hepner, Bar No. 13250
BHepner@littler.com
110 E. Court Street, Suite 201
Greenville, SC 29601
Telephone: 864-775-3190
Facsimile: 864-725-1065

*Attorneys for Defendants*

August 26, 2026