**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| **Ryan Baird,** | **C.A.: 4:26-cv-02049-SAC** |
| **Plaintiff,** | |
| **v.** | **Motion to Partially Amend Scheduling Order** |
| **Showstopper, LLC, Dave Roberts, and Debbie Roberts** | |
| **Defendants.** | |

Plaintiff requests an amendment to paragraph 4 of the Scheduling Order to hold it in abeyance until discovery issues are resolved.

The current scheduling order sets a deadline of October 6 for amending the pleadings. [ECF 15 at 2 ¶ 4]. Plaintiff served discovery on August 12, seeking, among other things, the identity of those responsible for the FLSA violations in this case. [*See* Pl. Interrog. 3 (Exh. 1 at 2)]. Plaintiff granted multiple requests for extensions and, on October 2 (four days before the deadline), Defendants identified only Jeff Homer as the "ultimate decisionmaker." *Id.* Defendants do not fully respond to the interrogatory, which seeks the identity of "each individual" involved in the decisions at issue. Homer apparently invests or owns Showstoppers.[1] And Defendants list him as someone with authority over pay issues and over hiring and firing authority. *Id.* at 4 (resp. to Int. 9); *id.* at 3 (resp. to Int. 7).

[1] The Undersigned has sent a deficiency email to counsel for Defendants regarding Defendants' myriad improper responses. If those issues are not promptly resolved, the Undersigned anticipates needing to file a discovery motion.

Defendants' improper responses also hide other potential defendants by, for example, completely refusing to identify Showstopper's owners, officers, directors, managing members, and managing agents. [*Id.* at 3 (Int. 6)].

Homer's involvement—and the involvement of others in the FLSA violations—will take additional time, especially if Defendants refuse to provide basic information. There may also be an issue of whether Homer's company—Ensemble Performing Arts—is a proper defendant under 29 U.S.C. § 203(d). *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 129-30 (4th Cir. 2017) (joint employment); *Kuhn v. Inlet Creek Props., Inc.*, Civil Action No. 4:22-cv-0144-JD-TER, 2022 U.S. Dist. LEXIS 203377, at *12 (D.S.C. Oct. 12, 2022) (individual liability).

Because Defendants have not provided requested information in response to discovery, Plaintiff cannot identify other defendants in time to amend the pleadings. Thus, Plaintiff requests that this Court stay Plaintiff's deadline to amend the Amended Complaint until Defendants provide the information sought, and the discovery issues are resolved voluntarily or through a discovery motion.

Prior to filing this Motion, the Undersigned provided a copy to counsel for Defendants, who does not consent to the relief sought here but is willing to discuss an amended scheduling order addressing all remaining deadlines. The Undersigned prefers to have issues resolved before determining how much additional time is necessary.

Respectfully submitted this 5th day of October, 2026.

s/ Brian P. Murphy
Brian P. Murphy, Fed. I.D. No. 6405
Attorney for Plaintiff

Stephenson & Murphy, LLC
207 Whitsett Street
Greenville, SC 29601
Phone: (864) 370-9400