**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Ryan Baird,<br><br>Plaintiff,<br><br>v.<br><br>Showstopper, LLC, Dave Roberts, and Debbie Roberts,<br><br>Defendants. | Civil Action No. 4:26-cv-02049-SAC<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS** |

**TO: BRIAN P. MURPHY, ESQ., COUNSEL FOR PLAINTIFF**

Defendants Showstopper, LLC ("Showstopper")[1], Dave Roberts ("Mr. Roberts"), and Debbie Roberts ("Ms. Roberts") (collectively, "Defendants"), through their undersigned counsel and pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, hereby respond to Plaintiff Ryan Baird's ("Plaintiff") First Set of Interrogatories and Requests for Production of Documents as follows:

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1. Identify by date, location (state/town) and event name, each event or assignment Plaintiff worked on behalf of Showstopper on or after May 21, 2023.

**RESPONSE: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Showstopper's business records, and the burden of deriving or ascertaining the answer will be substantially the same for either party. Accordingly, Defendants refer Plaintiff to the business records produced in this action, specifically Plaintiff's travel records and time sheets, copies of which are being produced herewith.**

[1] Showstopper, LLC is now known as Events Operations LLC.

2. For each event or assignment identified in your response to the Interrogatory 1, identify:

a. All records of expenses incurred by Plaintiff for such event or assignment, including, but not limited to, rental car invoices, hotel invoices, rideshare expenses, meal receipts, and expense reports;

b. All records, including itineraries, boarding passes, or schedules and other records showing Plaintiffs travel dates and times.

**RESPONSE: Defendants object to this Interrogatory on the grounds that it seeks information that is as equally available to Plaintiff as to Defendants. Further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Showstopper's business records, and the burden of deriving or ascertaining the answer will be substantially the same for either party. Accordingly, Defendants refer Plaintiff to the business records produced in this action, specifically Plaintiff's travel records, copies of which are being produced herewith. To the extent Plaintiff did not turn in and/or notify Showstopper of certain expenses, Defendants are not in possession of any records evidencing the same.**

3. Identify by name and position each person who determined the manner in which Plaintiff was compensated, including his rate(s) of pay and whether he would be paid overtime to the extent such person's decision affected Plaintiff's compensation from May 21, 2023 forward, and provide contact information for each person (e.g., phone, last known address and email address).

**RESPONSE: Jeff Homer, Founder of Ensemble Performing Arts, was the ultimate decisionmaker with respect to Plaintiff's rate(s) of pay. Mr. Homer may be contacted through undersigned counsel.**

4. For each witness identified in your response to your Local 26.03 Interrogatories, set forth a summary of the facts (not merely topics) that such person will testify to in this action.

**RESPONSE: Defendants object to this Interrogatory on the grounds that it is duplicative, as Defendants have already provided a summary of the witness's pertinent knowledge and relevant information. At this point in litigation, Defendants are not required to detail every single fact a witness might be expected to testify regarding. Subject to and without waiving**

**these objections, Defendants state that Jon Greene was Plaintiff's end-line supervisor. In addition to the description provided in Defendants' Local Civil Rule 26.03 Interrogatory Responses, Mr. Greene is believed to have knowledge of the work Plaintiff performed for Showstopper including Plaintiff's travel to/from competitions.**

5. Identify all payroll records or timekeeping records applicable to Plaintiff to the extent such records show the basis for Plaintiff's pay from May 21, 2023 through the end of his employment.

**RESPONSE: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Showstopper's business records, and the burden of deriving or ascertaining the answer will be substantially the same for either party. Accordingly, Defendants refer Plaintiff to the business records produced in this action, specifically Plaintiff's payroll records, copies of which are being produced herewith.**

6. Identify each corporate record showing the equity owners, officers, directors, managing members, and managing agents for Showstopper to the extent that such records refer to the period of May 21, 2023 to the present.

**RESPONSE: Defendants object to this Interrogatory as overly broad and unduly burdensome because, as written, this Interrogatory requires Defendants to summarize three years of corporate records that "show[]" any "owners, officers, directors, managing members, and managing agents," of Showstopper regardless of the contents of the underlying record or whether the record itself has any relationship to Plaintiff or the claims or defenses at issue in this action.**

7. For the period of May 21, 2023 through the end of Plaintiff's employment, identify each person who had hiring or firing authority of Showstopper.

**RESPONSE: Jon Greene, Dave Roberts, Debbie Roberts, and Jeff Homer.**

8. Identify each communication between the parties regarding Plaintiff's concerns that he was not compensated correctly to the extent such communications occurred on or after May 21, 2023.

**RESPONSE: Defendants object to this Interrogatory as vague because the Interrogatory fails to define the phrases "concerns" and "compensated correctly," such that Defendants are unable to respond to this Interrogatory without speculation. To be clear, Defendants**

**deny that Plaintiff was not compensated correctly.**

**Subject to and without waiving any objection, Defendants state that Plaintiff sent emails on January 6, 2025, and March 9, 2026, discussing topics about his pay. Copies of those emails are being produced herewith. Defendants are continuing to search for any other communications responsive to this request and will supplement this response if additional responsive communications are located. Further, these communications should also be within Plaintiff's possession.**

9. For the period of May 21, 2023 through the end of Plaintiff's employment, identify each person who had final authority over pay issues.

**RESPONSE: Defendants object to this Interrogatory as vague because the Interrogatory fails to define the phrase "pay issues," such that Defendants are unable to respond to this Interrogatory without speculation.**

**Subject to and without waiving any objection, Defendants state that Jeff Homer had final authority over pay issues.**

10. With respect to your third affirmative defense (ECF 13 at 4), specify each work week during which you contend Plaintiff did not work at least forty hours.

**RESPONSE: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Showstopper's business records, and the burden of deriving or ascertaining the answer will be substantially the same for either party. Accordingly, Defendants refer Plaintiff to the business records produced in this action, specifically Plaintiff's payroll records and timesheets, copies of which are being produced herewith.**

11. With respect to your fourth and seventh affirmative defenses (ECF 13 at 4, 5), specify by date and document: (a) each "written regulation[], order[], ruling[], approval[], and/or interpretation" or each "Written administrative regulation" to which you refer; and (b) for each such regulation, order, ruling, approval, and/or interpretation, the person(s) who relied on it.

**RESPONSE: Defendants object to this Interrogatory because it seeks the legal bases for Defendants' affirmative defenses and therefore calls for disclosure of attorney mental impressions, legal analysis, and protected work product. The Interrogatory improperly attempts to require Defendants to identify and explain the specific authorities and reliance supporting particular affirmative defenses, effectively seeking a legal brief rather than discoverable facts. Defendants are not obligated through interrogatory responses to provide a detailed recitation of the legal authorities underlying their affirmative defenses or to**

**marshal all evidence that may support those defenses.**

12. With respect to your tenth affirmative defense (ECF 13 at 5), identify by date and amount each payment you contend was "paid, tendered, waived, compromised, [or] released" and state the basis for claiming that each such payment precludes liability in this case.

**RESPONSE: Defendants object to this Interrogatory because it seeks the legal bases for Defendants' affirmative defenses and therefore calls for disclosure of attorney mental impressions, legal analysis, and protected work product. The Interrogatory improperly attempts to require Defendants to identify and explain the specific authorities and reliance supporting particular affirmative defenses, effectively seeking a legal brief rather than discoverable facts. Defendants are not obligated through interrogatory responses to provide a detailed recitation of the legal authorities underlying their affirmative defenses or to marshal all evidence that may support those defenses.**

**Subject to and without waiving any objection, Defendants further state that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Showstopper's business records, and the burden of deriving or ascertaining the answer will be substantially the same for either party. Accordingly, Defendants refer Plaintiff to the business records produced in this action, specifically Plaintiff's payroll records, copies of which are being produced herewith.**

13. With respect to your eleventh and twelfth affirmative defense (ECF 13 at 5,7), specify each "exemption[], exclusion[], or credit[]" or "set-off" on which you base the defense and your basis for claiming that such "exemption[], exclusion[], or credit[]" or "set-off" applies.

**RESPONSE: Defendants object to this Interrogatory because it seeks the legal bases for Defendants' affirmative defenses and therefore calls for disclosure of attorney mental impressions, legal analysis, and protected work product. The Interrogatory improperly attempts to require Defendants to identify and explain the specific authorities and reliance supporting particular affirmative defenses, effectively seeking a legal brief rather than discoverable facts. Defendants are not obligated through interrogatory responses to provide a detailed recitation of the legal authorities underlying their affirmative defenses or to marshal all evidence that may support those defenses. Defendants further object to this Interrogatory because Defendants' twelfth affirmative defense does not contain any of the quoted language in this Interrogatory.**

14. With respect to your twelfth defense (ECF 13 at 6), identify, by date: (a) each activity you claim Plaintiff engaged in that was "preliminary, postliminary, or incidental;" and (b) the amount of time spent on such activity.

**RESPONSE: Defendants object to this Interrogatory because it seeks the legal bases for Defendants' affirmative defenses and therefore calls for disclosure of attorney mental impressions, legal analysis, and protected work product. The Interrogatory improperly attempts to require Defendants to identify and explain the specific authorities and reliance supporting particular affirmative defenses, effectively seeking a legal brief rather than discoverable facts. Defendants are not obligated through interrogatory responses to provide a detailed recitation of the legal authorities underlying their affirmative defenses or to marshal all evidence that may support those defenses.**

**Subject to and without waiving any objection, Defendants state that Plaintiff's travel to or from any location where Plaintiff performed the principal activities of his role while employed by Showstopper and the time spent waiting to begin Plaintiff's principal activities are believed to be preliminary, postliminary, or incidental activities at issue in this case. Defendants further refer to the documents produced herewith pursuant to FRCP 33(d), specifically, Plaintiff's travel records, as a portion of the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Showstopper's business records, and the burden of deriving or ascertaining the answer will be substantially the same for either party.**

15. Specify each fact upon which you rely in denying the allegations in paragraph 16 of the Amended Complaint.

**RESPONSE: Defendants state that the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Showstopper's business records, and the burden of deriving or ascertaining the answer will be substantially the same for either party. Accordingly, Defendants refer Plaintiff to the business records produced in this action pursuant to Rule 33(d), FRCP; specifically, Plaintiff's payroll records, copies of which are being produced herewith. Defendants reserve the right to supplement this response as discovery progresses.**

16. Specify each fact upon which you rely in denying the allegations in paragraph 17 of the Amended Complaint.

**RESPONSE: Defendants state that the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Showstopper's business records, and the burden of deriving or ascertaining the answer will be substantially the same for either party. Accordingly, Defendants refer Plaintiff to the business records produced in this action pursuant to Rule 33(d), FRCP; specifically, Plaintiff's payroll records, copies of**

**which are being produced herewith. Defendants reserve the right to supplement this response as discovery progresses.**

17. Specify each fact upon which you rely in denying the allegations in paragraph 18 of the Amended Complaint.

**RESPONSE: Defendants state that the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Showstopper's business records, and the burden of deriving or ascertaining the answer will be substantially the same for either party. Accordingly, Defendants refer Plaintiff to the business records produced in this action pursuant to Rule 33(d), FRCP; specifically, Plaintiff's payroll records, copies of which are being produced herewith. Defendants reserve the right to supplement this response as discovery progresses.**

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. All items identified in your response to the forgoing interrogatories.

**RESPONSE: Defendants refer to the documents produced herewith.**

2. All documents, files, or communications on which you rely in claiming that any alleged violation was in good faith.

**RESPONSE: Defendants object to this Request to the extent it seeks documents relied upon by counsel for Defendants or communications between Defendants and their counsel which are protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving any objection, Defendants refer to the documents produced herewith. Discovery is ongoing, and Defendants will continue to supplement their production as required by the Federal Rules.**

3. All personnel files and other records of employment for Plaintiff, including records from Trinet.

**RESPONSE: Defendants object to this Request as vague because the Request fails to define the phrase "other records of employment," such that Defendants are unable to respond to this Request without speculation.**

**Subject to and without waiving any objection, Defendants refer Plaintiff to the documents produced herewith, which include Plaintiff's personnel file. Defendants reserve the right to supplement the documents produced in response to this Request.**

4. All internal written communications regarding Plaintiff to the extent such communications were sent or received on or after January 1, 2025.

**RESPONSE: Defendants object to this Request as vague and overbroad because this Request fails to identify any particular documents sought with the reasonable particularity required under Rule 34, FRCP. In particular, this Request fails to adequately define the subject matter of the communications requested beyond the phrase "regarding Plaintiff," which lacks any specificity as to the content of the underlying information requested. As written, this Request seeks any communication which contains any reference to Plaintiff or relates to Plaintiff in any way, regardless of the subject matter of the communication or whether the communication contains any information related to Plaintiff's claims in this action or Defendants' defenses to the same.**

**Subject to and without waiving any objection, Defendants refer Plaintiff to the documents produced herewith. Defendants invite Plaintiff to meet and confer regarding the scope of**

**this Request, to include ESI search terms and parameters.**

5. A copy of any employee handbook, personnel manual, or other document that sets forth any employment policies applicable to Plaintiff to the extent such documents were in effect between May 21, 2023 and the cessation of Plaintiff's employment.

**RESPONSE: Defendants refer to the documents produced herewith.**

6. All documents that set forth the duties performed by Plaintiff to the extent such documents were in effect on or after May 21, 2023.

**RESPONSE: Defendants object to this Request as vague in that the Request fails to define how a document may "set forth the duties performed by Plaintiff," such that Defendants are unable to respond to this Request without speculation.**

**Subject to and without waiving any objection, Defendants refer to the documents produced herewith, which include Plaintiff's personnel file.**

Respectfully submitted,

**LITTLER MENDELSON, P.C.**

Dated: October 2, 2026

*s/ Katie E. Towery*

Katie E. Towery, Bar No. 12861
ktowery@littler.com
Benjamin T. Hepner, Bar No. 13250
bhepner@littler.com
110 E. Court Street, Suite 201
Greenville, SC 29601
Telephone: 864.775.3190

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2026, I served the foregoing ***DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS*** via email upon the following counsel of record:

Brian P. Murphy
**STEPHENSON & MURPHY, LLC**
207 Whitsett Street
Greenville, SC 29601
brian@stephensonmurphy.com

*Attorney for Plaintiff*

*s/ Katie E. Towery*
Katie E. Towery